IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT H. ROYBAL,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     1:11CV389
                                 )
CAROLYN W. COLVIN,               )
Acting Commissioner of Social    )
Security,[1]                     )
                                 )
          Defendant.             )

**ORDER**

On May 20, 2014, the Recommendation of the United States Magistrate Judge was filed (Doc. 16) and notice was served on the parties pursuant to 28 U.S.C. § 636(b). On May 30, 2014, Plaintiff Robert H. Roybal filed an objection (Doc. 18), and on June 3, 2014, the Commissioner filed a response. (Doc. 19.)

Pursuant to Federal Rule of Civil Procedure 72(b), this court reviews *de novo* those parts of the Recommendation that have been objected to by the parties. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court reviews for clear error those portions of a Recommendation to which no timely objection was made. Id.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, resulting in her substitution as Defendant, pursuant to Federal Rule of Civil Procedure 25(d).

Roybal objects to the Magistrate Judge's conclusion that, despite the failure of the Administrative Law Judge ("ALJ") to specifically analyze his failure to meet disability listing 1.04A, 20 C.F.R. Part 404, Subpt. P, App'x 1, § 1.04A, remand is not necessary because any error was harmless. (Doc. 16 at 23-24.) Roybal contends that the Fourth Circuit's recent decision in Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013), requires remand so that the ALJ may adequately explain her decision. (Doc. 18 at 1-2.)

In Radford, the ALJ made a conclusory determination that the claimant did not meet or medically equal any disability listing. 734 F.3d at 292. The district court subsequently reversed, concluding that "the ALJ's determination that [the claimant] does not meet Listing 1.04 [was] not supported by substantial evidence." Radford v. Astrue, No. 5:11-CV-347-BO, 2012 WL 3594642, at *3 (E.D.N.C. Aug. 20, 2012). Rather than remanding the case to the ALJ for a new hearing, the district court concluded that "the evidence as a whole compels a conclusion that [the claimant] meets Listing 1.04," and thus directed a finding in favor of the claimant. Id. The Fourth Circuit agreed with the district court's application of Listing 1.04A but nevertheless reversed and remanded for a new administrative hearing, concluding that the district court's decision to direct a finding in favor of the claimant was an abuse of discretion. Radford, 734 F.3d at 294-96. The Fourth Circuit reasoned that,

2

because the ALJ's conclusion regarding the disability listing was "devoid of reasoning," it was "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." Id. at 295. In that case, "[a] full explanation by the ALJ [was] particularly important" because "[the claimant's] medical record include[d] a fair amount of evidence supportive of his claim." Id.

In this case, the ALJ quoted the entirety of Listing 1.04 but failed to specifically apply Listing 1.04A. After noting that Listing 1.04A requires "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test," the ALJ based her decision solely on a lack of evidence that Roybal suffered from an "inability to ambulate effectively." (Tr. at 75-76.) But the ability to ambulate effectively is not responsive to the question whether a claimant meets Listing 1.04A; rather, it is required by Listing 1.04C. See 20 C.F.R. Part 404, Subpt. P, App'x 1, § 1.04C. The ALJ never made a finding that the record did not contain evidence of nerve root compression or of the symptoms listed in the appendix. Thus, judicial review of the basis for the ALJ's denial of a finding under Listing 1.04A is not possible. Radford counsels that when the ALJ fails to explain her reasoning

3

in denying a claim, the better course of action is to remand for further consideration. 734 F.3d at 295.

The Magistrate Judge recognized the ALJ's error but concluded that remand was not required because "the record convincingly establishes . . . that [Roybal's] impairment does not meet the criteria [Listing 1.04A]." (Doc. 16 at 23.) The Magistrate Judge noted in a footnote his view that minimal objective evidence supported a finding that the Listing applies (id. at 24 n.10), but also stated that, even assuming Roybal had the requisite medical findings at one time, he had failed to show that he had experienced Listing 1.04's symptoms for a continuous period of twelve months. The Magistrate Judge found Roybal's September 2009 MRI, which demonstrated nerve root compression, insufficient on that issue because it "fails to show that, at that point in time, [Roybal] experienced the other listing criteria on a continuous basis for at least twelve months" (id. at 24-25). However, after Radford, which the parties did not brief before the Magistrate Judge because the Fourth Circuit's decision was issued long after briefing closed, a claimant need only show "that each of the symptoms are present, and that [he] has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months." 734 F.3d at 294. As the Fourth Circuit emphasized, claimants "need not show that each

4

symptom was present at precisely the same time" nor "that the symptoms were present in the claimant in particularly close proximity." Id.

Here, because Roybal presented evidence of nerve root compression as well as objective tests showing the conditions required by Listing 1.04A, his claim cannot be rejected because these findings were not simultaneous. It must be for the ALJ to determine whether Roybal has proven that he suffered from nerve root compression for a continuous period of twelve months. Because the ALJ made no such finding, remand is appropriate. On remand, the ALJ must determine whether Roybal's nerve root compression lasted for at least twelve continuous months and whether there are objective medical findings as to the symptoms included in the Listing – regardless of whether these findings are simultaneous with Roybal's nerve root compression.

The court has reviewed the remainder of the Recommendation – to which Roybal did not object – and finds no clear error.

IT IS THEREFORE ORDERED that that the Commissioner's decision finding no disability is REVERSED and the action is REMANDED to the Commissioner under 42 U.S.C. § 405(g). The Commissioner is directed to remand the matter to the ALJ for further consideration of Roybal's claim in light of the court's ruling. Therefore, Roybal's motion for judgment (Doc. 10) is GRANTED to the extent set out herein, and the Commissioner's motion (Doc. 12) is DENIED.

/s/   Thomas D. Schroeder
                                  United States District Judge

June 9, 2014